SHORES, Justice.
This is an appeal from a judgment quieting title to 20 acres of land in Macon County-
On July 20, 1984, approximately two weeks before his death, Joseph E. Jordan, Sr. (“J.E. Jordan”), conveyed 20 acres of land to his adult children, Glen Jordan, Mary Jo Smith, Dot Harrison, Mattie Mai-han, and Sally Smith. They promptly recorded the deed. J.E. Jordan was suffering from cancer, and was taking morphine and other pain medication at the time of the conveyance.
After J.E. Jordan’s death, a dispute arose between the adult children of J.E. Jordan, and Renee Pugh Copeland and Rachelle Pugh Wallace, his grandchildren, as to who owned the subject land. The grandchildren claim they own it through the estate of their mother, Vickie Jordan Pugh Talley, who predeceased her father, J.E. Jordan, and who willed the land to her two daughters.
The dispute was not resolved, and the grandchildren filed a complaint on August 24, 1987, alleging that their mother, Vickie Jordan Pugh Talley, had acquired the land by deed from J.E. Jordan or by adverse possession, and that she devised the land to them upon her death. On December 22, 1987, the grandchildren amended their complaint, alleging that on September 8, 1970, J.E. Jordan deeded the land to their mother and father, Vickie and Billy Joe Pugh. (Billy Joe Pugh predeceased Vickie Jordan Pugh, who subsequently remarried, taking the last name Talley.)
Any deed from J.E. Jordan to his daughter and her husband, the parents of the grandchildren, was never recorded, and is alleged to have been lost.
The adult children denied the grandchildren’s allegations, and produced the deed executed on July 20, 1984, by J.E. Jordan, in support of their motion to dismiss. The trial judge denied the motion, except as to Sally Smith, who had conveyed her interest in the land to Glen Jordan. The case was tried ore tenus.
After reviewing the evidence, the trial judge found that there was an unrecorded deed executed and delivered by J.E. Jordan on September 8, 1970, conveying the land to Billy Joe and Vickie Jordan Pugh, and that no consideration had been given by the adult children for the subsequent conveyance of the land on July 20, 1984. Based upon these findings, the trial judge entered judgment in favor of Renee Pugh Copeland and Rachelle Pugh Wallace, holding that they were the rightful owners of the land by inheritance from their mother. He further held that the adult children received the deed pursuant to an inter vivos gift, and therefore were not protected by Code 1975, § 35-4-90. The trial judge did not reach the issue of adverse possession. The adult children appeal.
We affirm.
In cases tried ore tenus, the trial judge’s findings of fact are presumed to be correct, if supported by the evidence or any reasonable inference therefrom, unless such findings are plainly and palpably erroneous and result in manifest injustice. Silverman v. Charmac, Inc., 414 So.2d 892 (Ala.1982). The trial judge’s findings in this case are amply supported by the evidence.
James Cameron, J.E. Jordan’s attorney, testified that he prepared a deed in 1970, whereby J.E. Jordan conveyed the subject land to Billy Joe and Vickie Pugh. He testified that J.E. Jordan signed the deed and delivered it to the Pughs. Mr. Cameron further testified, in regard to a doc *29 ument produced from his files, that it was in J.E. Jordan’s handwriting, and that it stated that “Pugh” owned the land.
The Macon County tax assessor’s records were admitted into evidence, and they reflected that in 1972 the land was deleted from J.E. Jordan’s return and transferred to “Victoria (Vickie) and W.J. Pugh.” This return stated that the Pughs had acquired the property from J.E. Jordan by “deed in hand dated September 8, 1970.”
Furthermore, while Vickie Jordan Pugh Talley’s will was being probated, the rent received from leasing part of the 20 acres was paid into her estate.
In regard to the trial judge’s finding that the July 20, 1984, conveyance was not supported by consideration, Sally Smith, a grantee of that conveyance, testified:
“We didn’t pay anything. Nobody paid him anything for any of his property.... Because that was our inheritance. You don’t pay for inheritance.”
The appellants have not proven that any alternative consideration was given in exchange for the conveyance. Code 1975, § 35-4-90(a), provides in pertinent part:
“(a) All conveyances of real property ... are inoperative and void as to purchasers for a valuable consideration ... unless the same have been recorded before the accrual of the right of such purchasers.”
The trial court found from the evidence that the adult children were not purchasers for a valuable consideration, and, therefore, were not entitled to the protection against prior unrecorded deeds afforded by § 35-4-90.
As to the appellants’ contention that the trial judge erred in not basing his decision on the adverse possession issue, we hold that there was sufficient evidence to support the judgment; thus there was no reason to consider the alternative claim of adverse possession. However, we have read the record, and the evidence could support a finding that the Pughs claimed the land under color of title and paid taxes on it for more than ten years.
The trial judge’s findings are not plainly and palpably erroneous, nor are the results in this case manifestly unjust. Accordingly, the judgment of the trial court is due to be affirmed.
AFFIRMED.
MADDOX, JONES, HOUSTON and KENNEDY, JJ., concur.